[No. 23574. Department One. October 18, 1932.]

W. F. G. RICE *et al., Appellants,* v. THEODORE WEISBERGER *et al., Respondents.*[1]

*LaBerge, Cheney & Hutcheson,* for appellants.

*Shumate & Clarke,* for respondents.

HERMAN, J.—Plaintiff W. F. G. Rice and one Leslie H. Dils, as purchasers, entered into a written contract with defendants Theodore Weisberger and wife, whereby the purchasers undertook to buy lots 228 and 229 of Terrace Heights, Subdivision No. 2, in Yakima county, Washington. The contract contained, among others, the following provisions:

"The purchasers agree to pay to sellers, as a purchase price of said property, subject to the provision hereinafter as to rebate of a portion of said purchase price upon certain conditions, the sum of Six Thousand Forty Dollars ($6,040), lawful money of the United States, as follows:

"$1280 upon the execution of this contract as an earnest payment hereunder; $500 on or before June

[1]Reported in 15 P. (2d) 259.

1, 1929; $500 on or before September 1, 1929; $880 on or before November 1, 1929; $880 on òr before February 28, 1930; and $2,000 on or before August 1, 1930; . . .

"Upon full payment of the purchase price herein specified, and if the purchasers shall have kept and performed this contract otherwise on their part, the sellers agree to convey to the purchasers the title of said property free and clear of incumbrances now existing or hereafter created by sellers, but subject to the obligations herein assumed by purchasers and any claims, rights or incumbrances granted or suffered by them, by good and sufficient warranty deed. . . .

"Upon condition that the purchasers shall, on or before the 1st day of August, 1930, construct and complete upon either or both of said lots above described two residence buildings in conformity with the building restrictions hereto attached and herein referred to, the sellers agree to rebate and cancel the payment of $2,000 specified as part of the purchase price hereunder, and payable on or before said August 1, 1930, together with all interest accrued thereon; and they will, upon the payment of all other considerations hereunder except said $2,000, and the performance of this contract otherwise, and the completion of said two dwelling houses, convey the title of said property as above specified."

The purchasers, in accordance with the terms of the contract, paid $4,040. They failed, however, to make the payment of two thousand dollars due on or before August 1, 1930, and they failed to construct the two residence buildings referred to in the contract. One of the parties to the original contract, Leslie H. Dils, and his wife, later executed a quitclaim deed and assigned to plaintiff W. F. G. Rice their interest in the contract. A supplemental written contract, dated May 26, 1930, between Mr. and Mrs. Rice, the plaintiffs herein, and defendants, extended the time of performance from August 1, 1930, until February 1, 1931.

Plaintiffs, shortly before the date last mentioned, claimed to have paid the full purchase price under the contract and demanded a deed. Defendants refused to deliver the deed, and plaintiffs brought this action for specific performance to require defendants to convey to plaintiffs title to the property. Defendants answered, praying for a forfeiture of the contract.

The cause was tried to the court without a jury. The court held with the defendants, and entered a decree conditionally forfeiting the contract and containing the following provision:

"It is further ordered and adjudged that should the plaintiffs pay or cause to be paid into the registry of this court for the benefit of the defendants, the sum of Two Thousand ($2,000) dollars with interest thereon at the rate of 7 per cent. per annum from the 18th day of February, 1929, until paid and the costs of this action taxed as provided for by law, within sixty days from the date of the entry of this decree, then the provisions of this decree above set forth shall become a nullity and shall have no further force and effect and the deed required to be given in said contract by the defendants shall be then executed and delivered to the plaintiffs, otherwise this decree shall be in full force and effect as to all of its terms and the defendants upon application to the clerk of this court may have a writ of restitution issued, restoring to them the full possession of said premises."

From that judgment, plaintiffs have appealed.

■ Appellants' assignments of error are predicated upon the theory that the trial court erred in construing the payment of two thousand dollars as liquidated damages, rather than as a penalty. In our opinion, that question is not before this court. In *Wilbur v. Taylor,* 154 Wash. 282, 282 Pac. 65, the court cited with approval the following quotation from 17 C. J., p. 933:

"The distinction between a penalty and a provision for liquidated damages is that a penalty is in effect a security for performance, while a provision for liquidated damages is for a sum to be paid in lieu of performance. A provision in a contract as to the sum to be paid in event of breach will, if it is a provision for liquidated damages, be enforced according to its terms; if it is a provision for a penalty, the recovery will be limited to the actual damages sustained."

The contract for the sale of the real estate contains no provision that any sum shall be pledged as security for performance, nor does it contain any provision for the payment of any sum in lieu of performance. The contract sets forth the purchase price of the land at $6,040, and contains a schedule of the amounts and times when payments subsequent to the initial payment shall be made. The payment last on the schedule was, by the terms of the contract, fixed at two thousand dollars. The requirement for this payment is modified by the following provision:

"Upon condition that the purchasers shall, on or before the 1st day of August, 1930, construct and complete upon either or both of said lots above described two residence buildings in conformity with the building restrictions hereto attached and herein referred to, the sellers agree to rebate and cancel the payment of $2,000 specified as part of the purchase price hereunder, and payable on or before said August 1, 1930, together with all interest accrued thereon; and they will, upon payment of all other considerations hereunder except said $2000.00, and the performance of this contract otherwise, and the completion of said two dwelling houses, convey the title of said property as above specified."

The effect of this provision is not to provide for security for performance, nor is it to fix a sum to be paid in lieu of performance. It simply provides that the purchase price shall be reduced two thousand dol-

lars by a rebate of that sum, in the event two houses were constructed on the property sold. Evidence in the record indicates ample reason for respondents' belief that their adjacent property would be materially benefited by the erection of the two dwelling houses contemplated by the contract. The benefit which they believed would accrue to their property was the consideration for their agreement to rebate two thousand dollars if the two buildings were erected in accordance with the terms of the contract between the parties.

The judgment of the trial court was correct. Affirmed.

TOLMAN, C. J., MITCHELL, STEINERT, and PARKER, JJ., concur.